JEN LEE LAW, INC.
Leonidas Spanos, SBN 261837
111 Deerwood Road, Suite 200
San Ramon, California 94583
T: (925) 586-6738
F: (925) 361-3114
leo@jenleelaw.com


Attorney for Plaintiffs


LUTHER LANARD, PC
Doug Luther, SBN 280550
4675 MacArthur Court, Ste 1240
Newport Beach, CA 92660
T: (949) 806-6039
dluther@lutherlanard.com

Co-Counsel for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No.: 24-24588-B-7 |
| COLTON SCOTT PAULHUS, | Chapter 7 |
| Debtor, | Honorable Christopher D. Jaime |
| | Adv. No.: |
| ATH Asheville, *et al.* | |
| Creditors and Plaintiffs on behalf of itself and all other similarly situated | **COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(2) and (a)(6)** |
| vs. | |
| COLTON SCOTT PAULHUS | |
| Defendant | |

**COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE**

1

ATH Asheville, Creditor and Plaintiff in the instant adversary proceeding, on behalf of itself and all others similarly situated ("Plaintiff" or "Plaintiffs") including those Plaintiffs listed below, bring this complaint seeking a determination that the debts owed to them by Colton Scott Paulhus ("Debtor" or "Defendant") are not dischargeable under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(2) and (a)(6).

## I.   JURSIDICTIONAL ALLEGATIONS

1. This is an adversary proceeding brought pursuant to the Federal Rule of Bankruptcy Procedure 7001 et seq. and 11 U.S.C. § 523(a)(2) and (a)(6).

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. In accordance with Federal Rule of Bankruptcy Procedure 7008, Plaintiffs consent to entry of a final Order or Judgment by this Court.

## II.   PARTIES

6. Plaintiff ATH Asheville is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

7. Plaintiff Cochran Holdings LLC is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

8. Plaintiff Danny E. Davis, Jr. is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

9. Plaintiff Gregory D. Hanna is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

10. Plaintiff Bay Area Accessory Dwellings LLC is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

11. Plaintiff DA Tiny Homes, Inc. is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

12. Plaintiff Clevenger Construction, LLC is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

13. Plaintiff Practical Living Solutions, Inc. is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

14. Plaintiff Paul and Tracy Abernathy is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

15. Plaintiff Devon and Alexa Lee is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

16. Plaintiff  HCS, Inc. (Bryan Holbrook) is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

17. Plaintiff Sanders Construction LLC is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

18. Plaintiff Sanco Builders LLC is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

19. Plaintiff Earl Jeffrey Busdieker is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

20. Plaintiff NE Homes, Inc. is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

21. Plaintiff Lowcountry Backyard Homes LLC is a creditor in the underlying Chapter 7 Bankruptcy case number 24-24588-B-7.

22. Defendant, Colton Scott Paulhus, is the Debtor in Chapter 7 Bankruptcy case number 24-24588-B-7.

23. Defendant was a Managing Member and CEO of Anchored Tiny Homes Franchising, LLC ("ATHF LLC) and owner of Anchored Tiny Homes, Inc. (reformulated to Anchored Tiny Homes LLC in or about 2022, hereafter referred to as "ATH INC." and or "ATH LLC").

24. Defendant, in concert with other owners and officers, acted as the alter ego of ATHF LLC, ATH INC., and ATH LLC.

## III. GENERAL ALLEGATIONS

### A. Summary of the Action

25. Plaintiffs each purchased and paid for franchises from ATHF LLC (also referred to as "Franchisor") based on misrepresentations and material omissions in the sale of those franchises by Defendant and others acting in concert with him.

26. Plaintiffs were each provided a Franchise Disclosure Document for Anchored Tiny Homes Franchising, LLC ("FDD") which contained misrepresentations and material omissions.

27. Defendant was a Managing Member and CEO of both ATHF LLC and ATH INC, and knew their financial information and condition and the falsity and material omissions of the financial information provided in the FDDs.

28. Defendant, repeatedly, orally, and intentionally, made the false financial information from the FDDs and made material omissions of the financial condition of both ATHF LLC and ATH LLC, in "confirmation" meetings with Plaintiffs prior to their purchasing their franchise agreements.

29. Plaintiffs relief upon the false financial information in the FDDs and from Defendant and others acting in concert with him.

30. Plaintiffs reasonably relied on the financial information provided to them by Defendant and those acting in concert with him because Plaintiffs did not have access to and could not ascertain the true financial information contained in the FDDs.

31. As a result, Plaintiffs are entitled to relief for fraud and willful violations of the California Franchise Investment Law personally committed by Defendant and are entitled to a judgment that Defendant be denied discharge as to Plaintiffs' claims.

**B.  Background of Defendant**

32. Plaintiffs each purchased and paid for franchises from ATHF LLC, based on misrepresentations and material omissions in the sale of those franchises by Defendant.

33. Defendant masterminded and owned, primarily with his family members, two companies: (1) ATH INC., reformulated to ATH LLC in 2022, which built and sold tiny homes, called accessory dwelling units or ADUs and (2) ATHF LLC, which sold franchise businesses to operate Anchored Tiny Homes trademarked franchises in specific territories across the United States.

34. Defendant was the CEO of ATH INC. and ATHF LLC.

35. As CEO, Defendant had access to all financial information of both companies, and was involved and knowledgeable of the financial condition of both companies.

36. Defendant obtained loans for ATH INC. and ATHF LLC (collectively referred to as "ATH companies") from third parties which he also personally guaranteed.

**C.  The Franchise Disclosure Documents ("FDDS)**

37. In order to sell franchises in the United States, a franchisor must provide a detailed disclosure document called a Franchise Disclosure Document ("FDD") pursuant to a trade regulation rule, 16 CFR Part 436.1, *et. seq.*

38. Franchisors operating or selling franchises from or in certain states must first register the FDD before offering a franchise for sale.

39. California is such a state under the California Franchise Investment Law, Cal. Corp. Code Section 31000, *et. seq.*

40. The purpose of the franchise disclosure laws is to provide truthful material information for prospective franchisees to rely upon in making investment decisions, i.e. similar to prospectuses required for the sale of securities. Franchisors are not allowed to make false or misleading statements or material omissions in the FDD.

41. The Federal Trade Commission ("FTC") prohibits franchisors from providing, by contract terms or otherwise, provisions purporting that franchisees may not rely upon information in the FDD. 16 CFR Part 436.9(h).

42. Plaintiffs were each provided a Franchise Disclosure Document for ATHF LLC ("FDD") which contained material misrepresentations and material omissions.

43. Financial representations are used to sell franchises, i.e. financial representations answer prospective questions of how much franchisees will earn in the franchise business.

44. Fraudulent earnings claims by franchisors were one of the reasons the federal and state franchise disclosure laws were passed.

45. Both the FTC and the State of California require financial performance representations to be placed in Item 19 of the FDD, to be truthful, and to have a reasonable basis in fact.

46. When Defendant and his family members decided to begin selling franchises they formed the separate company ATHF LLC to prepare the FDD and sell franchises.

47. Because ATHF LLC had little to no track record with actual franchises, it elected to use financial data from the Defendant's original company, ATH INC. which had been in business since 2019 and had sold and built multiple ADUs.

48. In certain situations, a franchisor may use financial information for its company owned unit or units, so long as this information is truthful, does not make material omissions, and has a reasonable basis in fact.

49. On March 1, 2023, ATHF LLC propounded an FDD which it forwarded to Plaintiffs.

50. The March 1, 2023 FDD contained financial performance representations in Item 19.

51. The Item 19 statements of the March 1, 2023 FDD included that ATH INC. at all locations had total gross sales of $88,256,842 consisting of $45,550,972 for ADUs sold and installed plus $42,705,870 in contract deposits for ADUs sold but not yet installed in the reporting period.

52. From the gross sales in the March 1, 2023 FDD, direct costs of goods sold were subtracted of $33,059,825, and some royalty and franchisor fees, for a direct gross profit of $20,172,300 (reported as 22.9% of sales).

53. On March 29, 2024, ATHF LLC propounded an FDD which it forwarded to additional Plaintiffs.

54. The March 29, 2024, FDD contained financial performance representations in Item 19.

55. The March 29, 2024, Item 19 statements included that ATH INC. at all locations had total gross sales of $95,159,489. consisting of $47,550,257 for ADUs sold and installed plus $47,609,232 in contract deposits for ADUs sold but not yet installed in the reporting period.

56. From the gross sales in the March 29, 2024,, direct costs of goods sold were subtracted of $32,512,335, and some royalty and franchisor fees, for a direct gross profit of $16,292,600 (reported as 17.1% of sales).

57. The March 29, 2024 FDD stated in an audited financial statement that the franchisor Anchored Tiny Homes LLC had revenue of $1,868,451 including the sale of franchises, and despite a loss, had cash assets of $858,247.

58. Despite these substantial revenues and assets of ATHF LLC and ATH LLC, on or about July 31, 2024, both Anchored Tiny Homes companies closed their doors.

59. Shortly thereafter, Plaintiffs learned that the employees of ATHF LLC had not been paid their salaries and payroll due on July 19, 2024.

60. Shortly thereafter, Plaintiffs first learned that ATH LLC had taken money for many ADUs for customers but had not built their ADUs.

61. Shortly thereafter, other ATH LLC ADU customers reported that subcontractors had placed liens on their properties because they were not being paid by ATH LLC for their subcontracted construction work.

62. Later also after July 31, 2024, Plaintiffs first learned that ATCH LLC and ATH LLC had cashflow and income problems such that the companies took out hard money loans in 2023 and 2024.

63. Plaintiffs further learned after July 31, 2024,, that Defendant had personally guaranteed these loans, and that defaults on some of these loans had resulted in lawsuits being filed as early as November of 2023.

64. Plaintiffs also learned after July 31, 2024,  that subcontractors building ADUs for ATH LLC. were often slow paid or not paid at all.

65. Plaintiffs also learned after July 31, 2024, these subcontractors personally dealt with Defendant who not only was aware of the financial problems of ATH LLC, but also negotiated with subcontractors to build new homes in exchange for being paid delinquent bills owing to them by ATH LLC for homes they had already constructed but not been paid timely.

**D. Personal Fraudulent Misconduct by Defendant**

66. Defendant was a Managing Member and CEO of ATHF LLC and ATH LLC and knew the financial condition of both companies and the falsity and material omissions of the above financial information provided in the FDDs. Defendant specifically knew that the information in Item 19 of both the March 1, 2023 and the March 29, 2024 FDDs was fraudulent and false. Defendant also knew that this financial information fraudulently omitted the true financial condition of these companies as being insolvent and not paying creditors and taking hard money loans from lenders.

67. Defendant and others acting in concert with him repeated orally the false financial information from the FDDs in "confirmation" meetings with plaintiffs prior to their purchasing their franchise agreements.

68. Defendant repeated the false financial information from the FDDs to Plaintiffs to get them to purchase, and in particular orally informed them to plan on making 20% or more in profits on gross sales of their franchise business.

69. During the spring of 2024, several employees of the Anchored Tiny Homes companies discerned that the financials of the Anchored Tiny Homes were amiss and reported the same. In addition Defendant and other employees met weekly to determine which of many creditors to pay that week.

70. Despite knowing the financial issues, Defendant continued holding "Confirmation" meetings and selling new Anchored Tiny Homes franchises to more Plaintiffs in the spring of 2024 and into the summer of 2024.

71. In the sales of Anchored Tiny Homes franchises to Plaintiffs, Defendant never disclosed the actual financial condition and insolvency of the Anchored Tiny Homes companies, and instead used the above false information in Item 19 to fraudulently sell franchises.

### E. Reliance by Plaintiffs on Defendants' Misrepresentations

72. Relying on the false financial information in the FDDs and from statements from Defendant and others acting in concert with him, each Plaintiff purchased and paid for an ATHF LLC franchise and paid an initial franchise fee usually in excess of $50,000 per territory.

73. Plaintiffs reasonably relied on the financial information provided to them by Defendant and those acting in concert with him including because plaintiffs did not have access to and could not ascertain the true financial information contained in the FDDs.

74. As a result, Plaintiffs are entitled to relief for fraud personally committed by Defendant and are entitled to a judgment that he be denied discharge as to Plaintiffs claims.

75. Unknown to Plaintiffs, the represented very successful ATH LLC business was in need of funding as of the fall of 2023 when it was in the beginnings of its sale of franchises to Plaintiffs.

76. By the fall of 2023, ATH LLC and ATHF LLC had taken hard money loans on information and belief secured by the revenues of one or both Anchored Tiny Homes businesses.

77. By November of 2023, ATH LLC and ATHF LLC had defaulted on at least one of these loans, and shortly thereafter, one of the lenders sued ATH LLC. Defendant knew of this material information but continued selling ATHF LLC without disclosing this material financial information.

78. ATHF LLC has provided no services to Plaintiffs since July 2024, and the Anchored Tiny Homes trademarks have been rendered worthless due to the nonperformance by ATH LLC and ATHF LLC.

79. Defendant knew the Item 19 representations of a 20 percent profit were false and that they materially hid from disclosure that the business needed loans to continue in the fall of 2023 and was failing to pay those loans.

80. Yet the Defendant and those acting in concert with him continued to sell franchises until the week before the two Anchored Tiny Homes businesses closed when they were unable to meet their many obligations and were without funds.

## III. CLAIM SHOULD ALTERNATIVELY BE MAINTAINED AS A CLASS ACTION

81. Plaintiffs reallege and incorporate by reference Paragraphs 1 - 99, above inclusive, as though fully set-forth herein

82. In the alternative to individualized complaints, Plaintiffs seek to maintain this claim as a class action representing a class as follows:

> All Anchored Tiny Home franchisees, whether individuals or business entities, with claims for economic damages caused by the Defendant as a

result of relying on the FDD and or other written or oral statements produced

by the Defendant in entering into the franchise agreement with ATHF LLC.

83. <u>Ascertainability / Numerosity</u>:  This Class is ascertainable.  It compromises

individuals and entities who can be identified with respect to objective criteria – e.g.,

Are they an ATH franchisee?  Did they receive FDD or other documents by the

Defendant containing material misrepresentations and or omissions?  Do they have a

claim for economic damages against the Defendant based on reliance of the FDD or

other documents containing misrepresentations and or omissions?  On information

and belief, there are several dozen members of the Class and it would be financially

and logistically impractical to bring all such persons or entities before this Court an

individual plaintiffs.

84. <u>Typicality</u>: The claims of the named Plaintiffs are typical of the claims of each

member of the Class they seek to represent because:  (1) They are all franchisees of

ATHF LLC; (2) They ALL received FDDS from the Defendant, or those acting in

concert with the Defendant containing material misrepresentations or omissions

concerning the fiscal health of the Anchored Tiny Home businesses; (3)  They relied

on oral statements from Defendant, or those acting in concert with the Defendant

containing material misrepresentations or omissions concerning the fiscal health of

the Anchored Tiny Home businesses;  (4). They suffered economic damages as result

of their justifiable reliance on the FDD and other documents and assertions by the

Defendant, or those acting in concert with the Defendant (including, but not limited to

accountants, partners, or officers of the Anchored Tiny Home businesses).

85. <u>Commonality</u>: Several, if not the majority, of the questions of law and fact are

common to all of the members of the Class.  The core question of law and fact is

whether the Defendant, and those acting in concert with him, committed fraud in inducing the members of the Class to enter into franchisee agreements with ATHF LLC such that Defendants' debts to members of the Class shall be deemed non-dischargeable under 11 U.S.C. § 523(a)(2) and (a)(6).

86. Adequacy of Representation: Plaintiff is an adequate representative of the Class. Plaintiff has (a) the ability and desire to represent the Class as well as the financial motivation to pursue the action; (b) its interests are not antagonistic or in conflict to other members of the Class; (c) and they are represented by experienced bankruptcy counsel in consultation and association expert attorneys in the area California Franchise Law.

87. Class Certification under Federal Rule of Civil Procedure 23(b)(2) and Federal Rule of Bankruptcy Procedure 7023: Class certification is appropriate under Federal Rule of Civil Procedure ("Federal Rule") 23(b)(2) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7023 because Defendant's fraud in willfully and maliciously misrepresenting the financial situation in Anchored Tiny Homes businesses through the FDD, other documents, and oral assertions, and the resulting economic damage applies to the entire class.

IV. CLAIMS

**FIRST CLAIM FOR RELIEF**
**To Except Debt from Discharge for False Pretenses, a False Representation, or Actual Fraud**
**11 U.S.C. § 523(a)(2)**

88. Plaintiffs reallege and incorporate by reference Paragraphs 1-87, above inclusive, as though fully set-forth herein

**COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE**

13

89. Prior to ATHF LLC entering the franchise agreements with Plaintiffs, Defendant (acting for ATHF LLC and individually as its alter ego) knowingly made the following misrepresentations and omissions in the FDD and orally to Plaintiffs:

   a. That the annual gross revenue of ATH INC.'s ADU business was $88,256,842 in the 2023 FDD, and $95,159,489 in the 2024 FDD;

   b. That the direct gross profits of ATH INC.'s ADU business was $20,172,300 in the 2023 FDD and $16,292,600 in the 2024 FDD;

   c. That the percentage of profit on sales of ATH INC.'s ADU business was 22.9% of sales in the 2023 FDD and 17.1% of sales in the 2024 FDD.

90. Contrary to the above misrepresentations and omissions of Defendant, the true facts were:

   a. That the annual gross revenue of ATH INC.'s ADU business was not $88,256,842 in the 2023 FDD, and $$95,159,489 in the 2024 FDD;

   b. That the direct gross profits of ATH INC.'s ADU business was not $20,172,300 in the 2023 FDD and $16,292,600 in the 2024 FDD;

   c. That the percentage of profit on sales of ATH INC.'s ADU business was not 22.9% of sales in the 2023 FDD and 17.1% of sales ion the 2024 FDD.

91. Prior to ATHF LLC entering the franchise agreements with Plaintiffs, Defendant (acting for the ATHF LLC and individually as its alter ego) knowingly failed to disclose the following material facts to Plaintiffs:

   a. That ATH INC.'s ADU business was not profitable;

   b. That ATH INC. failed to pay its subcontractors in a timely way, resulting in subcontractors refusing to do further work and/or placing mechanic's liens on customers' ADU properties.

   c. That ATH INS and ATHF LLC could not timely pay their obligations and creditos, were insolvent, and taking hard money loans in a last ditch way to save the failing businesses.

92. The above described affirmative misrepresentations and concealed material information were made by Defendant with the intent to induce Plaintiffs to rely on the

misrepresentations, and to enter into the franchise agreements and take the actions set forth above.

93. At the time Defendant engaged in the above described conduct, Plaintiffs were ignorant of the falsity and omissions of Defendant and could not, in the exercise of reasonable diligence, have discovered Defendant's secret misrepresentations and omissions as only Defendants possessed that information.

94. In justified reliance on Defendant's above described misrepresentations, Plaintiffs were induced to enter into the franchise agreements, pay the above described fees, and expend significant other sums on preparation to enter the business, inventories and other items. Had Plaintiffs known of the falsity of Defendant's above described misrepresentations, Plaintiffs would not have entered into the franchise agreements and expended the above sums.

95. As a direct and proximate result of Defendants' fraud and deceit, Plaintiffs are entitled to damages against Defendant.

96. In doing the acts herein alleged, Defendant acted with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiffs, and Plaintiffs are entitled to punitive or exemplary damages against Defendant in an amount to be assessed according to proof. Among other things, Defendant committed fraud in the offer and sale of the franchise agreements to Plaintiffs.

WHEREFORE Plaintiffs pray for judgment as set-forth below.

## SECOND CLAIM FOR RELIEF
**To Except Debt from Discharge for "willful and malicious injury"**
**11 U.S.C. § 523(a)(6)**

97. Plaintiffs reallege and incorporate by reference Paragraphs 1-87, above inclusive, as though fully set-forth herein.

98. The offer and sale of the above franchise agreements to Plaintiffs constituted an offer and sale of a franchise within the meaning of the California Franchise Investment Law, California Corporations Code Section 31000, *et seq*. (hereafter "CFIL").

99. The franchise agreement between Plaintiffs and ATHF LLC constitutes a franchise within the meaning of the California Franchise Investment Law, California Corporations Code Section 31000, *et seq*. including §§ 31005.

100. In particular, and without limitation, under the franchise agreements, Plaintiffs were promised or received the opportunity to operate a business, substantially associated with the Anchored Tiny Homes trade name and trademarks, selling its products and services, with advertising and marketing provided and controlled by ATHF LLC . Plaintiffs paid ATHF LLC and/or Defendants the initial fees in excess of $50,000 per franchise unit.

101. ATHF LLC and Defendant offered and sold a franchise under the Agreement by making misrepresentations and omissions as set-forth above, in violation of the CFIL

102. Such omissions and untruths by Defendant were willful as Defendant was aware of the truthful facts regarding its franchised outlets and its policies and knew that financial injury to the Plaintiffs was substantially certain to occur .

103. Defendant violated the CFIL by making misrepresentations and material omissions both in the FDD and outside the FDD in the offer and sale of the Anchored Tiny Homes franchises to Plaintiffs including but not limited to Sections 31200-31201, and 31300-31301 of the California Corporations Code.

104. Defendant personally participated, and materially aided in the above violations of the CFIL. Defendant was either the principal executive officer, director or held a similar status of function or otherwise controlled ATHF LLC at the time of the above violations and/or is otherwise personally liable for the above CFIL violations of ATHF LLC pursuant to Section 31302 of the California Corporations Code.

105. As a direct result of the above willful violations of the CFIL, Plaintiffs are entitled to damages from Defendant according to proof. Plaintiffs will set-forth the amount when more fully known or at time of trial.

106. The violations of the California Franchise investment Law were particularly malicious as the Defendant's conduct transgressed the legislative purpose of the statute set forth in California Corporations Code Section 30001:

The Legislature hereby finds and declares that the widespread sale of franchises is a relatively new form of business which has created numerous problems from an investment and a business point of view. … California franchisees have suffered substantial losses where the franchisor or his or her representative has not provided full and complete information regarding the franchise relationship, the details of the contract between franchisor and franchisee, and the prior business experience of the franchisor.

It is the intent of this law to provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered. Further, it is the intent of this law to prohibit the sale of franchises where the sale would lead to fraud or a likelihood that the franchisor's promises would not be fulfilled …

107. The above statutory breaches by Defendant were intentional, fraudulent, and despicable conduct carried on with a willful and conscious disregard of the rights of Plaintiffs and subjected it to unjust hardship which inured to Defendant's benefit. Plaintiffs are therefore entitled to have punitive or to exemplary damages assessed against Defendant in an appropriate amount according to proof.

WHEREFORE Plaintiffs pray for judgment as set-forth below.

## V.  REQUEST FOR JUDGMENTS AND ORDERS

WHEREFORE, Plaintiffs pray for judgment as follows:

a. That the Court issue a judgment that Defendant be denied discharge for Plaintiff's claims, in amount to be determined at trial, pursuant to 11 U.S.C. § 523(a)(2) based on Defendant's fraud;

b. That the Court issue a judgment that Defendant be denied discharge for Plaintiff's claims, in amount to be determined at trial, pursuant to 11 U.S.C. § 523(a)(6) based on Defendant's willful and malicious conduct;

c. For all costs of suit incurred in this action including attorney's fees; and

d. For such other and further relief as the Court deems necessary and appropriate.

**COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE**

DATED: January 21, 2025             RESPECTFULLY SUBMITTED

                                    JEN LEE LAW, INC.


                                    */s/Leonidas G. Spanos*
                                    LEONIDAS G. SPANOS
                                    Attorney for Plaintiffs



DATED: January 21, 2025             RESPECTFULLY SUBMITTED

                                    LUTHER LANARD, PC


                                    */s/Doug Luther*
                                    DOUG LUTHER
                                    Co-Counsel for Plaintiffs

**COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE**