**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ) | Case No. 24-24588-B-7 |
| ) | |
| COLTON SCOTT PAULHUS, ) | Adversary No. 25-2011 |
| ) | |
| ) | |
| Debtor(s). ) | |
| _____ ) | |
| ) | |
| ATH ASHEVILLE, et al., ) | |
| ) | |
| ) | |
| Creditors and Plaintiffs ) | |
| on behalf of itself and ) | |
| all others similarly ) | |
| situated, ) | |
| ) | |
| v. ) | |
| ) | |
| COLTON SCOTT PAULHUS, ) | |
| ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANT'S MOTION
TO SET ASIDE DEFAULT JUDGMENT**

**I.**

**Introduction**

Before the court is *Defendant's Motion to Set Aside Default* filed by defendant Colton Scott Paulhus ("Defendant"). Docket 63. Plaintiffs ATH Asheville, *et al*. ("Plaintiffs") filed an opposition. Docket 66. Defendant filed a reply. Docket 68.

The court has reviewed the motion, opposition, reply, and all related documents. The court has also reviewed and takes judicial notice of the dockets in this adversary proceeding, in the parent chapter 7 case, and in related adversary proceedings

filed in the parent chapter 7 case.[1] See Fed. R. Evid. 201(c)(1). Oral argument is not necessary and will not assist in the decision-making process. See Local Bankr. R. 1001-1(f), 9014-1(h). For the reasons explained below, the motion will be granted. Defendant's attorneys will also be required to show cause why they should not be sanctioned.

## II.

### Background & Analysis

Plaintiffs filed the complaint that commenced this adversary proceeding on January 21, 2025. Docket 1. Plaintiffs served Defendant with a summons and a copy of the complaint by first class U.S. mail on January 27, 2025. Docket 6.

Plaintiffs served Defendant at the following address:

Colton Scott Paulhus
PO Box 15017
**Turnwater**, WA 98511

Docket 6 at Attachment 6A-1.

Defendant's correct address, and his address of record, is:

Colton Scott Paulhus
PO Box 15017
**Tumwater**, WA 98511

Plaintiffs also served Defendant's bankruptcy attorney. However, Defendant's bankruptcy attorney did not represent Defendant in this adversary proceeding. More on this below.

Defendant filed a motion to dismiss this adversary proceeding on February 24, 2025. Docket 7. The motion was

---

[1]Zanzucchi v. Paulhus, Adv. No. 25-2010; Sonza v. Paulhus, Adv. No. 25-2058.

denied on procedural grounds two days later, on February 26, 2025, with leave to re-file by March 5, 2025. Docket 8. Defendant did not re-file the motion or file an answer, so on March 11, 2025, Plaintiffs' attorney gave Defendant notice that Plaintiffs initiated the default process based on Defendant's non-compliance with the 30-day period in the summons:

> Given your failure to comply with the Order or file further motion or answer within the 30-day deadline set forth in the Summons and Notice of Status Conference, I have initiated the default process.

Docket 66, Ex. A at page 3.

Consistent with the email, on March 11, 2025, Plaintiffs filed a request for entry of Defendant's default. Docket 11. Defendant's default was entered three days later, on March 14, 2025. Docket 13. Plaintiffs filed a motion for default judgment two months later, on May 13, 2025. Docket 29. An order granting Plaintiffs' motion for default judgment was entered on May 20, 2025, and a default judgment was entered on September 2, 2025. Docket 56. Defendant now moves pursuant to Fed. R. Civ. P. 60(b)(1), made applicable by Fed. R. Bankr. P. 9024, and Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, to set aside the default judgment. Docket 63.

Defendant asserts that his failure to answer or respond to the complaint is the result of mistake, inadvertence, surprise, or excusable neglect. Id. at 2:5-10. Defendant describes these circumstances as follows:

> To begin, Defendant in good faith believed that because this adversary case was served during the pendency and within the scope of his Chapter 7 Bankruptcy Case No. 24-24588-B-7, that his bankruptcy counsel would advise and assist him in filing the necessary documents to avoid such a drastic measure as a Default Judgment.

> Defendant believed that he was protected by counsel under the bankruptcy case whether bankruptcy counsel represented him in an adversary proceeding within the bankruptcy case or not; a case distinction that Defendant did not fully understand at any point within any of the cases. At all times, Defendant believed and now realizes that he mistakenly believed that the proper documents would be filed by his counsel within his bankruptcy case to avoid a non-dischargeable debt inside of his bankruptcy case. (See Request for Judicial Notice #2)

Id. at 2:11-20.

Defendant's statement of the circumstances he now contends amount to excusable neglect are not credible- and neither is Defendant. Defendant had no reasonable basis to believe his bankruptcy attorney represented-or would represent-him in this adversary proceeding.

By his own admission, Defendant knew from his initial consultation with his bankruptcy attorney that his bankruptcy attorney did not-and would not-represent him in this adversary proceeding. Docket 67 at 2:19-22. On February 24, 2025, Defendant signed and filed the motion to dismiss "in pro per." Docket 7 at pages 1, 6. In an email sent on or about March 13, 2025, Defendant told Plaintiffs' attorney that "I don't have any money to hire an attorney so I am representing myself." Docket 66, Ex. A at page 7. Several days later, on March 18, 2025, Defendant and his bankruptcy attorney appeared telephonically at a hearing in the parent chapter 7 case during which Defendant's bankruptcy attorney stated on the record he did not represent Defendant in any adversary proceeding.[2] Bankr. Dockets 129, 130

_____

[2]That statement is consistent with the *Disclosure of Compensation of Attorney for Debtor*. See Bankr. Docket 1 at pages 49-51 & No. 5.d (excluding non-dischargeability services).

- 4 -

(audio file at 4:00-4:27, 29:50-30:30).  Defendant additionally met with several attorneys regarding potential representation in this adversary proceeding.  Docket 67 at 3:13-15.

The point here is that Defendant was fully aware from the inception of the bankruptcy case, at the time the adversary proceeding was filed, and through the time his default and the default judgment were entered that his bankruptcy attorney did not-and would not-represent him in this adversary proceeding. Evidence of this is overwhelming.  Defendant's contention to the contrary is not credible, the court does not believe it, and the court does not believe Defendant or his explanation of the circumstance he now asserts as excusable neglect.  To put it more bluntly, Defendant lacks all credibility.[3]

Defendant also relies on the "good cause" standard under Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, as an additional basis for relief from the default judgment. Determining "good cause" requires the court to consider three factors: (1) whether the moving party engaged in culpable conduct that led to the default; (2) whether there is no meritorious defense; or (3) whether reopening the default will prejudice the other party.  United States v. Signed Personal Check #730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations omitted).[4]  The party moving for relief from a default judgment

[3]The court made this identical credibility determination for the identical reason in the Sonza adversary proceeding.  See Sonza, Adv. No. 25-2028, Docket 86 at 2:10-18 & n.1.

[4]The factors are in the disjunctive which means a finding that any one of the factors is true is a sufficient reason for the court to refuse to set aside a default judgment.  Id.

- 5 -

bears the burden of showing "good cause." <u>Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.</u>, 375 F.3d 922, 926 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005).

However, a defendant who can show insufficient service would not need to show good cause to vacate a default judgment because "defective service obviously precludes entry of a default judgment without regard to good cause." <u>NDF1, LLC v. Verwayne</u>, 2025 WL 1400067, *3 (E.D.N.Y. May 14, 2025). As the court explained in <u>Ray v. Choueka</u>, 683 F.Supp.3d 427 (S.D.N.Y. 2023): "A default judgment obtained by way of defective service is void <u>ab initio</u> and must be set aside as a matter of law. This is because a Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process." <u>Id.</u> at 430 (cleaned up).

Defendant did not raise a defective or insufficient service issue; however, the court discovered one and, having done so, the court can not ignore the issue.[5] See <u>Warfield v. Nance (In re</u>

---

[5]The court is mindful that Defendant filed a motion to dismiss and that service defects may be waived by a general appearance. <u>See Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."). At the same time, the Ninth Circuit routinely instructs that procedural leeway should be given to pro se litigants who lack the benefit of counsel. <u>Huffman v. Lindgren</u>, 81 F.4th 1016, 1020 (9th Cir. 2023) ("There is a good reason that we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation: Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel. (Cleaned up)."). Leeway is particularly appropriate when a pro se litigant faces the loss of a legal right through technical enforcement of procedural rules. <u>See Federal Trial Handbook: Civil</u> § 9:18 (2025-2026 Edition). Because technical

Warfield), 156 F.4th 961, 969-70 (9th Cir. 2025) (stating that the court has independent authority to identify and apply the proper construction of governing law ultimately dispositive of the issue before it even if it is an issue the parties fail to identify and brief).

Summons was properly issued. But service of the summons and the complaint was defective because both were mailed to Defendant at an address in a city in the State of Washington that does not exist. In other words, Defendant was not properly served because the summons and complaint were mailed to an incorrect address.[6] And therein lies the problem. See Al-Dailam v. Blinken, 2024 WL 3292581, *1-*2 (E.D. Cal., June 6, 2024) (stating that service at wrong address is insufficient). The other problem is that the default on which the default judgment is based is tied directly to defective or insufficient service of the summons and complaint. See Docket 66, Ex. A at page 3 (initiating default procedure based on the "30-day deadline set forth in the Summons and Notice of Status Conference").

---

enforcement of the rules in Fed. R. Civ. P. 12/Fed. R. Bankr. P. 7012(b) would result in validating Plaintiffs' defective or insufficient service and potentially deprive Defendant of a trial on the merits, the motion to dismiss that Defendant filed as a pro se litigant, and notably did not re-file after it was denied on procedural grounds, did not result in waiver of service defenses under the facts and circumstances of this adversary proceeding. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.").

[6]Defendant's bankruptcy attorney was also served. But, as noted above, Defendant's bankruptcy attorney did not represent Defendant in this adversary proceeding.

It is true that Defendant had actual notice of this adversary proceeding, perhaps as early as February 24, 2025, or sooner, based on the motion to dismiss. But actual notice of pending litigation is not a substitute for proper service, at least without substantial compliance with the service rules. Travelers Cas. and Sur. Co. of America v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with [Civil] Rule 4."); In re Couts, 188 B.R. 949, 953 (Bankr. E.D. Mich. 1995) ("It is clear that the debtor failed to receive notice by first-class mail as provided by Bankruptcy Rule 7004(b)(9). Although the debtor's counsel's argument demonstrates actual knowledge of the complaint on the part of the debtor, actual knowledge of a suit is not a substitute for proper service of process and does not cure a technically defective service of process."). Inasmuch as there is no "Turnwater," Washington, the court is hard-pressed to conclude that Defendant was properly served or that Plaintiffs substantially complied with service rules. And because the default judgment is tied directly to a default that was entered based upon the original service, the court has no choice but to set aside the default judgment and the default that preceded it. But the analysis does not end there.

Problematic here is Defendant's excusable neglect argument included in the motion and Defendant's sworn testimony of the same. It is apparent that Defendant and his attorneys made that argument without a reasonable pre-filing inquiry. The argument also reflects negatively on Defendant's attorneys' candor and

credibility. Had Defendant's attorneys made the requisite pre-filing inquiry, they would have discovered the court rejected the identical argument in the <u>Sonza</u> adversary proceeding. <u>See</u> Adv. No. 25-2058, Docket 86.

Also troubling is that the Defendant's attorneys used the motion in this adversary proceeding that was filed in the <u>Sonza</u> adversary proceeding. <u>Compare</u> Docket 63 <u>with</u> Adv. No. 25-2058, Docket 68. By using the identical motion that was used in the <u>Sonza</u> adversary proceeding Defendant's attorneys made representations that have no basis in fact or law in this adversary proceeding. As Plaintiffs point out:

> The Defendant's arguments related to the Victims of Corporate Fraud Compensation Fund ("VCFCF") and unauthorized ACH withdrawals are irrelevant to the issue before this court. (See MSAD, Doc. #63, pp. 6-7). Moreover, the phrasing of these arguments is illogical (the "Plaintiff seeks to amend the Default Judgment to include a claim by this court that the fraud found within the Default Judgment satisfies" the VCFCF … "In his complaint, Plaintiff goes to great lengths alleging that funds were from his account without his knowledge or approval."). (See MSAD, Doc. #63, p. 6, lines 19-20, p. 7, lines 5-6). The Plaintiffs are not seeking to amend the default judgment, and the complaint does not allege that funds were removed without knowledge or approval. The citation to "Request for Judicial Notice #3; #4 – Dckt. #10;#11" also makes no sense. (See MSAD, Doc. #63, p. 7, line 12). The Defendant has not filed a "Request for Judicial Notice," and docket entries number 10 and 11 are a Certificate of Service on the Order Denying Defendant's Motion to Dismiss and Plaintiff's Request for Entry of Default.

Docket 66 at 15:2-25; <u>also compare</u> <u>Sonza</u>, Adv. No. 25-2058, Docket 68 at 6:8-7:1 <u>with</u> <u>ATH</u>, Docket 63 at 6:18-7:12 (identical text regarding issues noted by Plaintiffs).

Fed. R. Bankr. P. 9011 appears to have been violated. Defendant's attorneys will be provided with an opportunity to

- 9 -

show that it has not and to explain why they should not be sanctioned.

## III.

## Conclusion

For all the foregoing reasons, the motion is **GRANTED**, and the adversary proceeding shall be reopened. The default judgment entered September 2, 2025, Docket 56, and the default entered on March 14, 2025, Docket 13, are **VACATED**.

By **January 27, 2026**, Plaintiffs must obtain a reissued summons and within seven (7) days of the summons being reissued Plaintiffs must serve Defendant and Defendant's attorney with the reissued summons and a copy of the complaint. Service may be by first-class U.S. mail. Plaintiffs must also file a certificate of service within three (3) days of service.

Defendant is **ORDERED** to file an answer within fourteen (14) days after the date of service.

Defendant's attorneys are **ORDERED** to show cause, in writing filed by **February 3, 2026**, why they should not be sanctioned under Fed. R. Bankr. P. 9011 and/or the court's inherent authority. A hearing on this order to show cause and a status conference in this adversary proceeding are set on **February 17, 2026, at 11:00 a.m.** Defendant and attorneys Sean Flynn, Craig Smith, and Samantha M. Perlegos of Gordon Rees Scully Mansukhani must appear in person on February 17, 2026. Video and telephonic appearances are not permitted.

**IT IS SO ORDERED.** **Dated:** January 16, 2026

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Leo G Spanos
111 Deerwood, Suite 200
San Ramon CA 94583

Doug Luther
Luther Lanard, PC
4675 MacArthur Ct #1240
Newport Beach CA 92660

Sean Patrick Flynn
Gordon Rees Scully Mansukhani, LLP
1 E. Liberty Street
Suite 424
Reno NV 89501

Craig Smith
Gordon Rees Scully Mansukhani, LLP
1 E. Liberty Street
Suite 424
Reno NV 89501

Samantha M. Perlegos
Gordon Rees Scully Mansukhani, LLP
1 E. Liberty Street
Suite 424
Reno NV 89501

- 11 -